Jason Edward Ochs, WSB: 7-4965
Ochs Law Firm, PC
PO Box 10944
Jackson, WY 83002
T: (307) 234-3239
F: (307) 235-6910
jason@ochslawfirm.com

*Attorney for Plaintiff Andrew Pulley.*

IN THE UNITED STATES DISTRICT COURT

OF WYOMING

| | | |
|---|---|---|
| ANDREW PULLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Docket No. _____ |
| | ) | |
| | ) | |
| | ) | |
| SILVER EAGLE REFINING, INC. and | ) | |
| IGI RE HOLDINGS EV, LLC | ) | |
| | ) | |
| Defendant. | ) | |

---
**C O M P L A I N T**
---

COMES NOW the Plaintiff, by and through his attorney, Jason Ochs of the Ochs Law Firm, and submits the following Complaint and Jury Demand, and for his causes of action against Defendants states and alleges as follows:

**PARTIES**

1. Plaintiff, Andrew Pulley (hereinafter "Plaintiff"), was at all times relevant hereto a resident of Utah.

2. Defendant Silver Eagle Refining, Inc. (hereinafter "Silver Eagle"), was at all times relevant hereto a Montana corporation with its primary place of business in Canada.

3. Defendant IGI RE Holdings EV, LLC (hereinafter "IGI"), was at all times relevant hereto a Nevada corporation with its primary place of business in Canada.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction because there is complete diversity between the parties and the amount in controversy is greater than $75,000.

5. Venue is proper because the event giving rise to this case occurred in Wyoming.

## FACTS

6. Defendants own and operate the Silver Eagle Refinery in Uinta County, Wyoming ("the Refinery").

7. On September 19, 2020, Plaintiff delivered petroleum product to the Refinery.

8. The Refinery had a vapor evacuation system that was supposed to remove vapors from the tanks of delivery drivers, funnel the vapors away from the tank and drivers and safely burn the vapors.

9. Upon information and belief, the Refinery's fuel evacuation system was designed and maintained in such a way that vapors could ignite near the tank and delivery driver, before being funneled away.

10. After unloading product, the Refinery's vapor evacuation system was connected to the tank of Plaintiff's tank in order to remove and dispose of any vapors in the tank.

11. Upon information and belief, the vapors ignited before being funneled away from Plaintiff and his truck.

12. This resulted in an explosion at the Refinery.

13. The explosion caused serious burns to Plaintiff.

14. As a result of the incident, Plaintiff has and will sustain economic and non-economic damages, including without limitation, past and future medical expenses, lost wages, lost earning capacity, loss of household services, disfigurement, pain and suffering, impairment and mental anguish.

15. After the fire, the Refinery inspected the scene and investigated the fire.

16. Then, while Plaintiff was still in the hospital, and without notifying Plaintiff, the Refinery destroyed the scene.

17. The Refinery has since refused to share its documentation or findings related to its scene inspection or investigation.

## FIRST CAUSE OF ACTION

### NEGLIGENCE OF DEFENDANTS

18. Plaintiff incorporates by reference as if set forth fully herein all allegations contained in Paragraphs 1 through 17 above.

19. Defendants were negligent and displayed a careless indifference to the safety of others and violated duties owed to Plaintiff in the following, but not exclusive, respects:

    (a) Failing to properly design and maintain the Refinery and vapor evacuation system;

    (b) Failing to warn Plaintiff of dangers at the Refinery and in the system; and

    (c) Such other acts and omissions yet to be discovered.

20. As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff has suffered injuries and damages for which Defendants are responsible.

## SECOND CAUSE OF ACTION

### PREMISES LIABILITY OF DEFENDANTS

21. Plaintiff incorporates by reference as if set forth fully herein all allegations contained in Paragraphs 1 through 20 above.

22. Defendants were the possessor of the Refinery.

23. Plaintiff was a business invitee at the Refinery.

24. The Refinery and vapor evacuation system were in a dangerous condition.

25. Defendants knew or should have known of the dangerous condition of the Refinery and vapor evacuation system.

26. Defendants failed to remedy, guard against or warn of the dangerous condition of the Refinery and vapor evacuation system.

27. Plaintiff was injured and suffered damages as a direct and proximate result of the dangerous condition of the Refinery and vapor evacuation system.

28. Defendants are therefore liable under premises liability.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendants on each of the above referenced claims and causes of action as follows:

1. Awarding compensatory damages in excess of the jurisdictional amount, including, but not limited to pain, suffering, emotional distress, loss of enjoyment of life, and other noneconomic damages in an amount to be determined at trial of this action;

2. Awarding compensatory damages to Plaintiff for past and future damages,

3. including but not limited to, pain and suffering and for severe and permanent personal injuries sustained by the Plaintiff including health care costs and economic loss;

4. Awarding economic damages in the form of medical expenses, out of pocket expenses, lost earnings, lost earning capacity, lost household services and other economic damages in an amount to be determine at trial of this action;

5. Pre-judgment interest;

6. Post-judgment interest;

7. Awarding Plaintiff the costs of these proceedings; and

8. Such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury as to all issues.

DATED this 19th day of February 2021.

FOR THE PLAINTIFF,

*/s/ Jason Edward Ochs*
Jason Edward Ochs, WSB: #7-4965
Ochs Law Firm, PC
PO Box 10944
Jackson, WY   83002
T: (307) 234-3234
F: (307) 235-6910
jason@ochslawfirm.com